## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **QUADIR WHITAKER,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**STEVEN A DEANGELIS,** *et al.***,**<br><br>　　　　Defendants. | Case No. 24–cv–09996–ESK–MJS<br><br>**OPINION** |

**KIEL, U.S.D.J.**

   **THIS MATTER** comes before the Court on a motion to dismiss or to stay the civil proceedings (Motion) filed by defendants Steven A. DeAngelis and Carlo Galizia. (ECF No. 20.) Plaintiff Quadir Whitaker did not file opposition to the Motion. For the following reasons, I will deny the motion without prejudice.

   **I.   BACKGROUND**

   Plaintiff filed a *pro se* complaint on October 22, 2024 pursuant to 42 U.S.C. § 1983 (Complaint). (ECF No. 1.) He alleged defendants, who are both employees of the Bergen County Sherriff's Office, assaulted him on September 10, 2022 and October 10, 2022. (*Id.* pp. 4, 5.) I granted plaintiff's *in forma pauperis* application on January 23, 2025. (ECF No. 12.) The Complaint was permitted to proceed on February 7, 2025. (ECF No. 13.)

   Defendants move to dismiss the Complaint for failure to state a claim. (ECF No. 20.) In the alternative, they argue that the Complaint should be stayed pending the resolution of criminal charges that are pending against plaintiff in Bergen County. (*Id.* p.10.) Plaintiff did not file any opposition to the Motion.

## II. LEGAL STANDARD

### A. <u>Motion to Dismiss</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), when deciding a motion to dismiss, a court accepts all well-pled facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a Rule 12(b)(6) challenge, the plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### B. <u>Motion to Stay</u>

A District Court possesses broad discretion to stay a civil proceeding. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in certain circumstances." *Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998). In determining whether to grant such a stay, courts consider the following factors:

> (1) the extent to which the issues in the criminal and civil cases overlap;
>
> (2) the status of the case, including whether the defendants have been indicted;
>
> (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff cause by a delay;
>
> (4) the private interest of and burden on the defendants;
>
> (5) the interests of the court; and
>
> (6) the public interest.

(*Id.* at 527 (citing *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

### III. DISCUSSION

Defendants argue that plaintiff has failed to state a claim against them for unreasonable force. (ECF No. 20–1 p. 7.) Alternatively, they ask this Court to stay the civil proceedings while plaintiff's criminal proceedings are pending in the state court. (*Id.* p. 8.)

#### A. Failure to State a Claim

Plaintiff alleges in his Complaint that defendants physically assaulted him for 10 minutes on September 10, 2022. (ECF No. 1 p. 3.) He asserts that he was sprayed with Oleoresin capsicum spray, colloquially known as pepper spray, despite complying with their commands. (*Id.* p. 4.) He further alleges that on October 10, 2022, defendants assaulted plaintiff again after he asked DeAngelis to shut his door for prayer. (*Id.*) Plaintiff states DeAngelis sprayed him "multiple times" with Oleoresin capsicum spray, followed by a physical assault by Galizia. (*Id.*) He alleges that he filed a special investigation report against the officers. (*Id.* p. 5.) Plaintiff's injuries

3

included blunt force trauma to his head and gashes in his face and were documented in photographs. (*Id.*)

Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Johnson v. Koehler*, No. 18–cv–00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Here, plaintiff alleges defendants sprayed him with pepper spray for no reason and physically assaulted him, causing him injuries to his head and face. (ECF No. 1 p. 3.) Plaintiff asserts he did not provoke the officers and complied with their orders. (*Id.* p. 4.) Assuming the truth of these facts for purposes of the Motion and giving plaintiff the benefit of all reasonable inferences, plaintiff has stated a claim for unreasonable force. *See Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 194–95 (3d Cir. 2021) (describing elements of a Fourteenth Amendment unreasonable force claim). The Complaint may not be as detailed as defendants would hope, but it satisfies Rule 8's requirements. Therefore, I will deny the Motion.

### B. <u>Stay of Case</u>

Defendants also seek a stay of these proceedings pending plaintiff's criminal trial, asserting that his "civil rights claim in this case is the same subject matter for which he is currently standing trial for in the Bergen County Superior Court." (ECF No. 20–1 p. 8.) "On September 12, 2022, Plaintiff was charged with third degree aggravated assault on a county correctional police officer and fourth degree aggravated assault for throwing bodily fluid at a county correctional officer. Both charges stem from his interactions with Defendants DeAngelis and Galizia." (*Id.*)

Defendants have not provided enough information for me to conclude that the interests of justice would be served by staying these proceedings. Even if I accept that defendants were responding to plaintiff's allegedly unruly

behavior before the incidents, they may not purposely or knowingly use objectively unreasonable force against a pretrial detainee. *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). Unreasonable force claims require "careful attention to the facts and circumstances of each particular case," including "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 194–95 (3d Cir. 2021) (internal quotation marks omitted). "An express intent to inflict unnecessary pain is not required ... ." *Whitley v. Alber*, 475 U.S. 312, 319 (1986).

"Plaintiff certainly has an interest in a prompt resolution of his lawsuit[.]" *Gilliam v. Cavallaro*, No. 21–cv–16844, 2024 WL 1739738, at *5 (D.N.J. Apr. 22, 2024), *reconsideration denied*, No. 21–cv–16844, 2024 WL 2860208 (D.N.J. June 6, 2024). Defendants have not addressed the other *Walsh* factors that would permit me to conclude that they override plaintiff's interest. Therefore, I will deny without prejudice the stay request.

### IV. CONCLUSION

For the reasons stated above, I will deny the Motion. An appropriate Order accompanies this Opinion.

        */s/ Edward S. Kiel*
        **EDWARD S. KIEL**
        UNITED STATES DISTRICT JUDGE

Dated: January 12, 2026